## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLOTTE WASHINGTON, | : | |
| Individually and in her | : | Civil Action No. 1:05-CV-1463 |
| capacity as Administratrix of the | : | |
| Estate of Christine McLamb, Deceased, | : | (Judge Kane) |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| STATE FARM INSURANCE | : | |
| COMPANY a/k/a STATE FARM | : | |
| MUTUAL AUTOMOBILE | : | |
| INSURANCE COMPANY, | : | |
|     Defendant | : | |

### MEMORANDUM AND ORDER

Before the Court is Plaintiff's complaint, which was originally filed in the Court of Common Pleas of Dauphin County, Pennsylvania on June 10, 2005, and Defendant State Farm Mutual Automobile Insurance Company's notice of removal, asserting diversity jurisdiction. (Doc. No. 1.) The complaint arises out of a dispute over death benefits Plaintiff alleges are due to her as beneficiary under an automobile insurance policy issued by Defendant to Christine McLamb. Ms. McLamb was killed on June 10, 2003 during a traffic accident at the intersection of Fargreen and Linglestown Roads in Susquehanna Township, Dauphin County, Pennsylvania. Plaintiff alleges that State Farm paid her $2,500 in funeral benefits due under the insurance policy, and asserts that State Farm is obligated to pay her an additional $10,000 in death benefits due under the terms of the policy.

Defendant has removed this action pursuant to 28 U.S.C. § 1332, asserting diversity jurisdiction. It is apparent from the face of the complaint and notice of removal that the parties are diverse. However, the party seeking to establish diversity jurisdiction must also establish that "the

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332.

Federal courts have an obligation to address questions of subject matter jurisdiction sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999). Removal by a defendant is appropriate in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "The propriety of removal thus depends on whether the case originally could have been filed in federal court." City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 163 (1997). A removed action must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Moreover, § 1441 is to be strictly construed against removal to honor the congressional intent of restricting federal diversity litigation. Meritcare Inc., 166 F.3d at 217; see also Nelson v. Keefer, 451 F.2d 289, 293-95 (3d Cir. 1971) (federal judiciary has been "too timid" in eliminating the "plethora of cases which do not belong in federal courts"). For these reasons, all doubts must be resolved in favor of remand. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). Having removed this action to federal court, Defendant bears the burden of demonstrating the facts establishing the Court's jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). The amount in controversy is measured as of the date of removal. Meritcare Inc., 166 F.3d at 216.

Nothing on the face of the complaint reasonably suggests that damages in this case may be in excess of $75,000. Plaintiff has alleged that Defendant breached the terms of the automobile insurance contract and seeks entry of an order estopping Defendant from failing or refusing to pay claimed death

benefits in the amount of $10,000, and finding that Defendant's failure to pay constitutes fraud and bad faith.  Additionally, Plaintiff seeks to recover attorney's fees and costs of suit.  Notwithstanding the limited damages claimed in this case, Defendant contends that the amount in controversy exceeds $75,000 because punitive damages are available under Pennsylvania's Bad Faith Statute, 42 Pa. C.S. § 8371, "if the Court finds they are warranted."  (Doc. No. 1, at 4.)

Nothing in the complaint supports Defendant's assertion that the amount in controversy exceeds $75,000.  Plaintiff has not specifically requested punitive damages.  Defendant's assertion that this action is removable because of the technical availability of punitive damages is insufficient, without more, to indicate that the amount in controversy exceeds $75,000.  This garden variety insurance dispute is simply not the kind of action that belongs in federal court, and it will be remanded to the Court of Common Pleas where it was originally brought.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. This case is **REMANDED** to the Court of Common Pleas of Dauphin County, Pennsylvania.

2. The Clerk of Court shall mail a certified copy of this Order to the Clerk of Court of the Court of Common Pleas of Dauphin County, Pennsylvania.

3. The Clerk of Court shall close the file.


    S/ Yvette Kane
    Yvette Kane
    United States District Judge

Dated: July 26, 2005